# Brumbaugh *v.* Raystown Water Power Company, Appellant.

*Practice, C. P.—Address to jury—Alleged improper remarks— Motion for a new trial—Judicial discretion.*

The refusal of the lower court to grant a new trial was not reversible error where complaint was made of alleged improper remarks of counsel for plaintiff in addressing the jury, but where no objection to such remarks was made by counsel for defendant at the time when they were uttered, and where the trial judge instructed the jury to disregard them.

Argued Jan. 14, 1918. Appeal, No. 207, Jan. T., 1917, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1916, No. 19, on verdict for plaintiff, in case of Isaac Brumbaugh v. Raystown Water Power Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from award of viewers in condemnation proceedings. Before RUPPEL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,700 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing defendant's motion for a new trial.

*James S. Woods,* with him *W. M. Henderson,* for appellant.

*H. H. Waite,* with him *W. H. Trude,* for appellee.

PER CURIAM, February 25, 1918:

The sole complaint of the appellant is of the refusal of the court below to grant a new trial for alleged improper remarks of counsel for plaintiff in addressing the

jury. No objection was made to them by counsel for defendant at the time they were uttered, and the learned trial judge instructed the jury to disregard them. It was too late for the defendant to complain of them for the first time after a verdict unsatisfactory to it had been rendered, and the judgment is, therefore, affirmed.