# Schroth et ux. *v.* Philadelphia Rapid Transit Co., Appellant.

*Practice, C. P. — Trial — Improper remarks of counsel — Withdrawal of jurors.*

1. The duty of counsel to fairly present or defend a cause, is not less important nor less imperative than that of the judge.

2. A cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements or by unfair argument or by appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony.

3. Where the natural tendency of remarks by counsel for plaintiff is to create a prejudice in the minds of the jury, and the trial judge makes no attempt to caution the jury against allowing such prejudice to influence their verdict, a judgment on the verdict will be reversed on appeal.

*Negligence—Street railways—New trial—Physical examination of plaintiff—Discretion of court.*

4. A new trial will not be granted because the court refused a physical examination of plaintiff, where two physicians for plaintiff and three for defendant testify, after having had an opportunity to examine plaintiff, and no concealment from the physicians is shown.

5. In such case, after a verdict for plaintiff, the matter is within the discretion of the court.

*Negligence — Street railways — Passenger — Sudden jerk—Res gestæ—Evidence.*

6. Where plaintiff, a passenger, is shown to have been injured by a sudden jerk of a street car on leaving the track at a curve, another passenger may testify that she was thrown against a window in the car at the same time.   Such evidence is part of the res gestæ of the accident.

7. The mere fact that defendant in an accident case makes no attempt to disprove negligence, does not necessarily exclude proof of it.

Argued February 11, 1924.   Appeals, Nos. 10 and 11, Jan. T., 1924, by defendant, from judgments of C. P. Delaware Co., Sept. T., 1920, No. 671, on verdicts for plaintiffs, in case of Gertrude Schroth and George N. Schroth, her husband, v. Philadelphia Rapid Transit Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for personal injuries.   Before BROOMALL, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Gertrude Schroth for $5,000 and for George N. Schroth for $3,500.   Defendant appealed.

*Errors assigned* were various rulings and instructions appearing by opinion of Supreme Court, quoting record.

*John B. Hannum, Jr.*, for appellant.—The improper remarks of counsel justify a reversal: Becker v. P. R. T. Co., 245 Pa. 462; Wagner v. Hazle Twp., 215 Pa. 219; Saxton v. Rys., 219 Pa. 492; Kelly v. Ry., 270 Pa. 77; Dannals v. Twp., 255 Pa. 156.

The court erred in admitting testimony as to the effect the accident had on a fellow passenger: Abel v. Traction Co., 212 Pa. 329.

The court erred in refusing to order a physical examination of plaintiff: Lessig v. Transit & Light Co., 270

Pa. 299; Twinn v. Noble, 270 Pa. 500; Cohen v. Transit Co., 250 Pa. 15.

*William C. Alexander,* for appellee, cited: as to remarks of counsel: Kelly v. Ry., 270 Pa. 77.

OPINION BY MR. JUSTICE FRAZER, March 17, 1924:

Plaintiff, Gertrude Schroth, a passenger on one of defendant's cars, received injury caused by the car "running fast" and leaving the track at a curve. The negligence of defendant was conceded and the sole question for the jury was the extent of the injuries and amount of compensation to be allowed.

In the course of cross-examination of a physician called on behalf of defendant, counsel for plaintiff asked the following question: "And your best patient is the Philadelphia Rapid Transit Company? A. I should say not; I should be in the poor house." Objection to this question being sustained, it was followed by the further question: "You do a great deal of examining business for the P. R. T. Company?" This was also objected to and, upon the trial judge stating he felt inclined to withdraw a juror, counsel for plaintiff withdrew the question and asked the court to instruct the jury to pay no attention to it. Had the matter ended there we would probably have no occasion for criticising the refusal to continue the case. Counsel for plaintiff, however, in his address to the jury referred to one of the doctors called by plaintiff as "the kind of a doctor you send for to be cured,—not the kind of a doctor you send for when you want testimony. If you had asked them about why they did not suggest a remedy for the cure, they would have said more than likely we did not get paid for that by defendant." Following this remark there was considerable argument between counsel as to the exact words used and a motion to withdraw a juror was refused. The trial judge, in his charge to the jury, made no attempt to in-

struct them as to their duty to disregard the improper remarks.

In the opinion refusing a new trial the court bases its refusal to withdraw a juror on plaintiff's right to inquire into the relations existing between defendant and the witness as bearing upon the credibility of the latter. Assuming the questions asked the witness to be proper for this purpose, there was no justification, in the evidence, for the further remarks made by counsel in his address to the jury, the natural tendency of which was to arouse their prejudice. "The obligation of fidelity to the court which an attorney assumes on his admission to the bar is ever thereafter with him and when he attempts to defeat the justice of a cause by interjecting into the trial wholly foreign and irrelevant matter for the mani-. fest purpose of misleading the jury, he fails to observe the duty required of him as an attorney and his conduct should receive the condemnation of the court." Wagner v. Hazle Twp., 215 Pa. 219, 225. "If courts are to continue to be places where justice is judicially administered, causes must be fairly presented and fairly defended, and the duty of counsel in this regard is not less important nor less imperative than that of the judge. A cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony. It is not founded on the truth of the cause." Saxton v. Pittsburgh Ry. Co., 219 Pa. 492, 495. The natural tendency of the language used by plaintiff's attorney was to create a prejudice in the minds of the jury and as the trial judge made no attempt in his charge, or otherwise, to caution them against allowing such prejudice to influence their verdict, we feel it our duty to reverse this case and send it back for a new trial.

There are a number of assignments of error to the charge. We deem it unnecessary, however, to discuss

them in view of the fact that on a retrial the same questions are not likely to arise.    Complaint is made of the refusal of the court below, after the trial and pending a motion for a new trial, to order a physical examination of plaintiff by disinterested physicians.    Five physicians testified at the trial, two on behalf of plaintiff and three on behalf of defendant.    These witnesses had an opportunity to examine plaintiff and the trial judge was evidently satisfied that the question of the extent of her injuries had been thoroughly examined and discussed. There is no evidence of concealment from the physicians and the matter was, consequently, in the discretion of the court below:  Twinn v. Noble, 270 Pa. 500.

Defendant also complains of the admission of the testimony of a witness for plaintiff, a passenger on the car, to the effect that immediately before the car left the track it struck the curve and she was thrown against the window.    The evidence was properly admitted, as a part of the res gestæ of the accident itself, and as tending to show that the car left the track because of the excessive speed at which it was running, thus furnishing some evidence of the cause of the accident and tending to show defendant's negligence.   The mere fact that defendant made no attempt to disprove negligence did not necessarily exclude proof of it.    See Cunningham v. Smith, 70 Pa. 450.   In Abel v. Traction Co., 212 Pa. 329, cited by defendant, evidence of the effect of a collision on other passengers was excluded because of having no bearing on the cause of the accident.

The judgment is reversed and a new trial granted.