## Miller et al. v. Bell.

*Practice, C. P.—Trial—Remarks of counsel—Withdrawal of juror—New trial.*

1. At trial, the counsel for plaintiffs in his address to the jury used the words "these oily, slimy scoundrels that go through the Commonwealth robbing people of millions of dollars," evidently referring to the defendant. Defendant's counsel objected to the remarks and asked the court to withdraw a juror and continue the case The court refused and did not caution the jury not to be influenced by the remarks: *Held,* that a new trial should be granted.

2. "Even if counsel had withdrawn his remarks and the court had instructed the jury to disregard them, it is not clear that that would have been sufficient to justify the refusal to withdraw a juror."

Rules for new trial and for judgment *n. o. v.* C. P. Berks Co., April T., 1924, Nos. 61 and 62.

*William B. Bechtel,* for plaintiffs at trial; *C. H. Ruhl,* at argument.

*John B. Stevens,* for defendant and rules.

SCHAEFFER, P. J., Oct. 17, 1925.—These cases involving the same set of facts were tried together and both resulted in verdicts for the plaintiff. The plaintiffs are husband and wife and seek to recover from the defendant the sums of money paid by each for shares of the capital stock of the Reading Rubber Company, of which the defendant was president. They based their

actions, first, upon fraudulent representations alleged to have been made to them by the defendant at the time of subscriptions; and, secondly, upon an alleged collateral parol agreement with the defendant that the latter would re-purchase their stock at the expiration of one year, if desired by the plaintiffs.

Upon the trial, during the argument by plaintiffs' then counsel to the jury, counsel for the defendant objected to the former's reference to "these oily, slimy scoundrels that go through the Commonwealth robbing people of millions of dollars," and requested the withdrawal of a juror and the continuance of the case. The then counsel for the plaintiffs not only refused to withdraw his remarks, but stated that he was "asking this jury to put the seal of its condemnation upon persons of that kind." The court refused defendant's application for a continuance.

The language objected to by defendant must be deemed intemperate and improper. It was an attempt to inflame the prejudices of the jury against the defendant. Under the circumstances, it was clearly the duty of the court to caution the jury not to be influenced by the objectionable remarks: Schroth *v.* Philadelphia R. T. Co., 280 Pa. 36, 39. As the court failed to refer to the matter in its charge, a new trial must be granted. And even if counsel had withdrawn his remarks and the court had instructed the jury to disregard them, it is not clear that that would have been sufficient to justify the refusal to withdraw a juror: Kelly *v.* Scranton Ry. Co., 270 Pa. 77, 79.

And now, to wit, Oct. 17, 1925, the rules for new trial are made absolute and the rules for judgment *n. o. v.* are discharged.

From Charles K. Derr, Reading, Pa.