Commonwealth *v.* Moskovitz, Appellant.
Commonwealth *v.* Steinman, Appellant.

Argued October 2, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Bertram V. Weinberg,* with him *Maurice G. Weinberg,* for appellants.

*Victor J. DiNubile,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY KELLER, P. J., November 20, 1940:

The appellants, Rose Moskovitz (No. 114) and Philip Steinman (No. 113) were jointly charged in one indictment with (1) assault and battery, and (2) aggravated assault and battery, upon Hyman Moskovitz, the husband of the one defendant and the step-father of the other. They were tried on October 13, 1939, and were found guilty. On November 3, 1939 each defendant was sentenced to three months' imprisonment in the county prison, which is well within the maximum sentence for simple assault and. battery.

The evidence in the case was sufficient to support the verdict.

A motion for a new trial was duly filed and dismissed. Appeals were then taken to this Court, but on December 11, 1939 they were withdrawn.

The present appeals are from the refusal of the lower court to allow the defendants to file a motion for a new trial *nunc pro tunc,* based upon a petition filed December 12, 1939, alleging that they had come into possession of evidence, discovered since the trial, that certain testimony of the prosecutor relating to (1) the severity of his injuries, (2) how long he had been compelled to use crutches, and (3) the length of time he had been unable to work as the result of his beating, was "untrue and incorrect".

We summarized in *Com. v. Mellon,* 81 Pa. Superior Ct. 20, 25, the well settled rules governing the granting of new trials in this Commonwealth on the ground of after-discovered evidence, to wit, to entitle a defendant to a new trial on this ground the evidence (1) must have been discovered since the trial, and be such as could not have been obtained at the trial by the use of reasonable diligence; it must not be (2) simply corroborative or cumulative or (3) merely to impeach the credibility of a witness; and (4) it must be such as would likely result in a different verdict if a new trial were granted.

The after-discovered evidence relied upon in this case does not come within the rule in the following particulars:

(1) There was no sufficient reason given why the testimony could not have been produced at the trial if due diligence had been used.

(2) Its probative effect would be merely to impeach the credibility of the prosecuting witness.

(3) It would not likely produce a different verdict if a new trial were granted; for it did not go to the truth or falsity of the charge of assault and battery, but only to the severity of the beating. In a civil action it would be very material on the question of damages, but it did not affect the guilt or innocence of the defendants on the charges against them. Its effect was not even to limit the conviction to simple assault and battery; for it did not refute the infliction upon the prosecutor of "grievous bodily harm", requiring treatment at a hospital; but, as the sentence was well within the maximum prescribed for simple assault and battery no possible harm was done the defendants.

The assignments of error are overruled. The judgments are severally affirmed, and it is ordered that the record be returned to the court below and that the defendants appear in that court at such time as they may be severally ordered and be committed until their several sentences be complied with or so much thereof as had not been performed at the time when the appeals were made a supersedeas.