Commonwealth *v.* Hanes, Appellant.

Argued October 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*Henry J. Mahady,* with him *Regis F. Mahady, Paul W. Mahady* and *Mahady & Mahady,* for appellant.

*Joseph M. Loughran,* Assistant District Attorney, with him *Edward G. Bauer,* District Attorney, and *Frederick T. Seymour,* for appellee.

OPINION BY FINE, J., February 17, 1948:

Richard Hanes, appellant, was convicted of fornication and bastardy. He filed a motion for a new trial averring that after-discovered evidence clearly revealed the verdict was based upon perjured testimony and from the dismissal of that motion, this appeal followed.

The testimony presented at the trial has not been printed as part of the record as it was not taken by the court stenographer. The prosecutrix testified [1] the date of conception was Saturday, June 15, 1946, and occurred while she was visiting with appellant's family in St.

---

[1] The testimony recited in this opinion is taken from appellant's history of the case, appellee's counter history, and the court's opinion refusing a new trial.

Mary's, Elk County, Pennsylvania, from May 9, 1946, until June 17, 1946, upon which latter date she returned by bus to her home in Jeannette, Pennsylvania; and, that she and appellant had sexual intercourse many times prior to conception. The defense was an alibi; that the prosecutrix was in Jeannette, her home, at the time of the conception and the defendant was then in St. Mary's.

The appellant denied that he had relations with the prosecutrix. He admitted that she had visited his home in St. Mary's; that he had been in her company from time to time; that he had given her a ring as a Christmas gift; and testified that her last visit to his parent's home in St. Mary's was from March, 1946, until about April 8, 1946. Six witnesses testified that the prosecutrix had visited the home of appellant's parents in March and April, 1946, and had left St. Mary's on or about April 8, 1946.

The Commonwealth offered a rebuttal witness, one Lola Lunn. She testified that on Monday, June 17, 1946, she was riding on a bus from DuBois to Jeanette; that at DuBois she saw prosecutrix alight from a bus which had come from St. Mary's; that the prosecutrix changed buses and boarded the same bus she, Lola Lunn, was riding, and that they rode to Jeannette together. Immediately after trial appellant's counsel investigated Lola Lunn and discovered that this witness was not, in counsel's opinion, on the bus as she stated, but, on the contrary, was working at her job in the canteen of the Elliot Company at Jeannette on the day in question. Appellant's counsel, in support of this finding, submitted three exhibits, (1) affidavit by the employer stating that "on June 17, 1946, Lola Lunn was at her work and employment at the Elliot Company from 7:00 o'clock a.m., in the morning until 3:15 o'clock p.m., in the afternoon, and that she ate her noon day meal at the Elliot Company," (2) her employer's time card showing that on Monday, June 16, 1946, Lola Lunn clocked in for

work at 7 :00 o'clock a.m. and clocked out at 3 :14 o'clock p.m., and (3) Lola Lunn's meal ticket for the same day, signed, presumably, by Lola Lunn. Appellant argues that these exhibits clearly show that the testimony of rebuttal witness, Lola Lunn, was perjured and that the jury's verdict of guilty was therefore based on such perjured evidence. The court below in refusing a new trial concluded: "The jury . . . having considered all the facts outside of the testimony of Miss Lunn still would have been justified in the minds of this Court in arriving at a verdict of conviction." [2]

A new trial in a criminal case will be awarded on the ground of after-discovered evidence where the evidence in question (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted: *Commonwealth v. Moskovitz*, 142 Pa. Superior Ct. 325, 326, 16 A. 2d 317. See *Commonwealth v. Kuhn*, 158 Pa. Superior Ct. 154, 44 A. 2d 314; *Commonwealth v. Lucchese*, 155 Pa. Superior Ct. 325, 38 A. 2d 722; *Commonwealth v. Elliott*, 292 Pa. 16, 140 A. 537.

From what has been said by counsel both at oral argument and in their briefs, and by the court below, the motion for a new trial was properly dismissed. The after-discovered evidence relied upon by appellant fails

---

[2] The lower court pertinently observed: "The case did not hinge on Miss Lunn's testimony alone although the jury may have taken the same into consideration. Here we have the mother of the illegitimate child visiting the defendant's home over a period of three years, wearing a ring given her by the defendant as a Christmas gift and her testimony as to practically everything as to her acquaintance with defendant, her visits to his home were uncontradicted except as to the last alleged visit in June 1946 at which time conception was supposed to have taken place."

in the following respects: (1) viewed in a light most favorable to appellant, its only effect would be to impeach the credibility of a witness; (2) the verdict would not have been affected by its admission; and (3) it is merely cumulative and relates to an immaterial issue. "Usually a new trial will not be granted because of perjury on an immaterial issue or on a collateral issue, nor generally where the false testimony may be eliminated without depriving the verdict of sufficient evidentiary support": *Commonwealth v. Ruff*, 92 Pa. Superior Ct. 530, 535.

What was succinctly said by this Court in *Commonwealth v. Greenfield*, 103 Pa. Superior Ct. 489, 495, 157 A. 50, is peculiarly applicable here: "In disposing of a motion for a new trial, courts must consider not only the competency but also the legal effect of the proposed evidence. The inquiry is whether, taking the newly-discovered evidence in connection with that produced at the trial, the legitimate effect of placing such combined evidence before another jury would be to require a different verdict. We need not repeat what was said on this subject in Com. v. Mellon, 81 Pa. Superior Ct. 20, and Com. v. Smith, 89 Ibid 190, 194. Giving the statements of the witnesses examined in court and the affidavits submitted their full face value, and considering them in connection with the testimony at the trial, we cannot see even a probability of a different verdict if a new trial should be directed. Being satisfied there was no abuse of discretion by the court below, we overrule all the assignments."

The assignments of error are overruled, the judgment of the court below is affirmed, and defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.