Bloom *v.* Hopman, Appellant.

Argued March 16, 1953. Before RHODES, P.J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Jay D. Barsky,* with him *Trommer, Silver & Barsky,* for appellant.

*William Ginsburg,* with him *Ginsburg & Weisberg,* for appellee.

OPINION BY HIRT, J., July 14, 1953:

Plaintiff was a licensed broker working out of defendant's real estate office. The premises at 218 West Walnut Lane in Philadelphia was listed with the defendant, by the owner, for sale at $28,000. Plaintiff found a buyer at that price and the sale was consummated. Plaintiff contended that his agreement was that he was to receive one-half of the usual commission of 5% for his services and on defendant's refusal to pay, brought this action to collect $700. On the trial of the case defendant testified that the owner was his brother-in-law and that for that reason he had made a special arrangement with him to sell the property at the price named for a total commission of $700 and that under the agreement with plaintiff, he, "Mr. Bloom was to get one-half of the commission that I received on finding a buyer for the property", viz: $350. That amount admitted by defendant to be due

was paid to the plaintiff without prejudice after this suit was brought. The jury accepted plaintiff's version of the terms of his contract with defendant and returned a verdict in his favor for the full amount of the balance of his claim. Defendant appealed from the refusal of a new trial.

Plaintiff in his summation to the jury is alleged to have called the defendant "a cheat". The refusal of the court to withdraw a juror because of prejudicial comment made by plaintiff's counsel is one of the errors assigned. Inflammatory statements of counsel, the necessary effect of which are to induce the jury to decide the case on grounds that are not justified by the evidence, call for the reversal of a judgment on appeal, where as here the jury are not instructed to disregard the statement. *Schroth et ux. v. Phila. Rapid T. Co.*, 280 Pa. 36, 124 A. 279; *Kelly v. Scranton Railway Co.*, 270 Pa. 77, 112 A. 748; *Narciso v. Mauch Chunk Twp.*, 369 Pa. 549, 87 A. 2d 233. In the present case, however, the lower court cannot be charged with an abuse of discretion in the refusal of a new trial on that ground for there is a dispute as to the statement made by counsel and at the trial the judge did not direct the stenographer to place the remarks as heard by him, upon the record, and defendant's counsel did not accomplish that result by affidavit or otherwise. On the request for the withdrawal of the juror it was for the defendant to have the alleged prejudicial remark placed on the record and because of his counsel's failure in that respect we may not reverse on appeal because of the uncertainty of what was said. *Commonwealth v. Kerr*, 171 Pa. Superior Ct. 131, 89 A. 2d 889.

Defendant however is entitled to a new trial because of the prejudicial remarks of the trial judge himself. This appears in the charge of the court: "There is just

one other thing. Following out this argument presented on behalf of the defendant that, it being his brother-in-law, he could agree to take one-half of the commission, there is no testimony that ever was conveyed to the plaintiff here. It being his brother-in-law, whom he had represented for nine years, according to his testimony, wouldn't it necessarily follow he could have agreed to sell it for the brother-in-law for nothing? Then the plaintiff would not be entitled to anything. I cannot follow this type of reasoning. It is rather irritating to a court to have it assumed that the court or you are fools enough to be deluded by that kind of reasoning." The inevitable result of this language of the charge must have been to hold up to ridicule the defendant's version of the contract and in effect to characterize the jurors as fools if they believed him. In effect they were given the choice either to find for the defendant as fools or to escape the aspersion by returning a verdict for the plaintiff. In this the court is chargeable with reversible error. A trial judge may express an opinion as to the weight of testimony if done fairly and the factual issues are left to the jury, (*Monier v. Phila. Rap. Transit Co.,* 227 Pa. 273, 75 A. 1070) but where the statements of the court belittle one of the parties and hold him up to ridicule, the result is reversible error. *Weiss v. London Guarantee & Accident Co.,* 280 Pa. 325, 124 A. 472; *Shappel v. Philadelphia,* 115 Pa. Superior Ct. 529, 176 A. 69. "A litigant has a right to a trial by a fair and impartial jury whose consideration of his cause is not influenced by any language of the court which would create resentment or prejudice against him": *Monier v. Phila. Rap. Transit Co.,* supra; *Hoagland v. Mulford,* 298 Pa. 588, 148 A. 864.

Judgment reversed with a venire.