Commonwealth *v.* Phillips, Appellant.

378

Argued April 8, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*B. H. Marks,* with him *Marks & Marks,* for appellant.

*John Q. Stranahan,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 11, 1957:

Appellant was indicted and tried on the charge of aggravated assault and battery in the Court of Quarter Sessions of Mercer County. He was convicted of assault and battery. A motion for a new trial was re-

fused, and defendant was sentenced to pay the costs of prosecution and a fine of $200, and to undergo imprisonment in the Mercer County Jail for a period of not less than thirty days and not more than ninety days. A supersedeas was granted by the court below.

The bill of indictment charged aggravated assault and battery[1] upon one Arthur Hicks on December 19, 1955, by the defendant, Walter Phillips.

It was permissible for the jury to convict defendant of assault and battery (Act of June 24, 1939, P. L. 872, §708, 18 PS §4708) under this indictment. *Com. v. Bergdoll*, 55 Pa. Superior Ct. 186.

The sufficiency of the evidence to sustain the conviction of defendant is not questioned. Defendant contends that certain trial errors require a new trial.

It appears that the prosecution of defendant arose out of an incident occurring on December 19, 1955, near the plant of the Westinghouse Electric Corporation at Sharon. A strike was then in progress. On that evening, about 8 p.m., Arthur Hicks, after completing his work for the day at the plant, was entering a bus which was waiting at a point across the street from the plant entrance. As Hicks boarded the bus, with his back to the door, he was struck on the back of the neck and head, his arms were pinned to his side, and he was dragged backward to the sidewalk. While this was taking place he was beaten and kicked. After getting back on his feet, while his arms were still pinned to his side, he heard the defendant shout, "Drag him off and get the driver and we'll have the bus." While Hicks was unable to defend himself, defendant struck him in the face and broke his glasses. Defendant also hit Hicks across the nose which caused lacerations and contusions. Hicks was pulled back into

---

[1] Act of June 24, 1939, P. L. 872, §709, 18 PS §4709.

the bus by two of the occupants; the bus then proceeded.

Defendant has presented five questions on this appeal; they relate to alleged trial errors. One was not raised in the court below;[2] two pertain to remarks of the trial judge, another to the ruling of the trial judge on the relevancy of certain evidence, the last to certain alleged after-discovered evidence.

In the cross-examination of Hicks, defense counsel asked a series of questions concerning the different shifts he had worked prior to the incident. Defense counsel asked: "Q. That's what I am trying to find out, did you always work the midnight shift? A. Well, no." The district attorney objected on the ground it was irrelevant, and the trial judge stated: "The objection is sustained. Do you take the position, Mr. Marks [defense counsel], that if a person is working irregularly he would be beat up but if he is working regularly he can't be beat up." To this, defense counsel answered: "No, I don't think he ought to be beat up any time." The trial judge concluded: "Well, then, let's get to the assault and battery case." Whether the question was proper cross-examination on the issue of credibility is not raised. Defendant complains only that the remark of the trial judge was improper and prejudicial.

The role of a trial judge should be one of impartiality; as such he should refrain from any conduct or comment which indicates favor or condemnation. *Com: v. Myma,* 278 Pa. 505, 508, 123 A. 486. An unjudicial

---

[2] The defendant contends that the trial judge erred in allowing the district attorney to cross-examine a defense witness along certain lines. This matter, although objected to at the trial, was not raised in the motion for new trial in the court below. It will not be reviewed. *Com. v. Pittman,* 179 Pa. Superior Ct. 645, 647, 118 A. 2d 214; *Sherwood v. Elgart,* 383 Pa. 110, 115, 117 A. 2d 899.

remark or ill chosen language, provoked or unprovoked, should be avoided. *Com. v. Stallone,* 281 Pa. 41, 43, 126 A. 56; *DiBona v. Philadelphia Transportation Company,* 356 Pa. 204, 216, 51 A. 2d 768.

When a trial judge rules upon an objection he may properly explain the basis for his ruling. The opinion of the court below states that this remark was a casual one, and that it was made to illustrate and explain the ruling on the objection. Assuming that it may indicate something more than a mere explanation of the ruling, whether it necessitates a new trial is another matter. Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial. *Com. v. Hales,* 384 Pa. 153, 154, 119 A. 2d 520; *Com. v. Stallone,* supra, 281 Pa. 41, 44, 126 A. 56; *Com. v. Savor,* 180 Pa. Superior Ct. 469, 119 A. 2d 849, affirmed in 386 Pa. 523, 126 A. 2d 444; *Com. v. Meyers,* 290 Pa. 573, 581, 139 A. 374. For instance, the trial judge may not belittle or ridicule a party or his counsel or his case. *Bloom v. Hopman,* 173 Pa. Superior Ct. 292, 295, 98 A. 2d 414; *Com. v. Stallone,* supra, 281 Pa. 41, 43, 126 A. 56. It must be determined from all the circumstances whether a remark has a prejudicial effect; there is no fixed rule applicable to every case. An accepted guide in determining prejudicial effect is that, if the remark may be said with fair assurance to have had but a slight effect upon the jury, if any at all, and one is not left in doubt that it had no substantial influence in the case, it will not vitiate an otherwise fair trial. *Com. v. Blose,* 160 Pa. Superior Ct. 165, 170, 50 A. 2d 742; *Com. v. Savor,* supra, 180 Pa.

Superior Ct. 469, 473, 119 A. 2d 849; *Kotteakos v. United States*, 328 U. S. 750, 764, 765, 66 S. Ct. 1239, 90 L. Ed. 1557, 1566. We are convinced that this remark ·had no more than a minimal effect, if any, upon the outcome of the case. It was not of sufficient substance to characterize it as belittling or to conclude that it had any adverse influence upon the jury. We feel that it should not have been said, but it does not constitute reversible error especially where the verdict was fully justified. It was applicably said in *Com. v. Linkowski*, 363 Pa. 420, 424, 70 A. 2d 278, 280: "Mere error in the abstract is not sufficient to warrant a retrial, and where the conclusion is inescapable that the error did not influence the jury against the accused, or deprive him of his legal right to a fair trial, a new trial will not be granted." That the jury gave independent thought and careful consideration to the case is indicated by the fact that they returned a verdict of guilty of simple assault and battery although the defendant was charged with and tried for aggravated assault and battery.

The second judicial utterance of which defendant complained occurred in the course of the summation to the jury by defense counsel. The record does not contain the statement which counsel made in his closing address,[3] but apparently it did include a reference to the betrayal of Christ by Judas as a historical precedent for Hicks' returning to work during a strike. The district attorney ·objected, whereupon the following colloquy took place: "The Court: We have tried diligently to avoid the type of bias which you are trying to arouse. We ask you in all fairness to confine your discussion

---

[3] It would have been well if the words of counsel, as the trial judge heard and understood them, had been placed on the record also. See *Com. v. Drischler*, 175 Pa. Superior Ct. 74, 77, 103 A. 2d 467.

.to the issues in the case. Mr. Marks: Except that I do believe the picture is here. The Court: When you are trying to arouse the jurors' minds, even on the very Eve of Easter by referring to Judas betraying our Lord, it is improper; when you refer to union against non-union. The question here is aggravated assault and battery and we submit that is the only interest that we can try in this case."

Defense counsel moved that the remarks of the trial judge be put upon the record, and for the withdrawal of a juror. The former motion was granted; the latter was refused. The trial judge then said: "That motion is overruled and refused. Now, please confine your remarks to the legitimate function of an attorney in arguing a criminal case. Thank you."[4] There is no doubt that, in the course of argument to the jury, counsel may use illustrations from history or literature or any other stock of common knowledge if such illustrations are appropriate to the case. *Com. v. Brown,* 309 Pa. 515, 522, 164 A. 726. The reference to Judas had no proper place in this trial; it was in furtherance of defense attempts to create an issue of union against non-union and to inject an irrelevant matter. The only purpose of the reference to Judas, under the circumstances, was to arouse prejudice and passion against Hicks. This was highly improper and the remark of the trial judge was invited by the argument of counsel. See *Com. v. Grosso,* 169 Pa. Superior Ct. 606, 611, 84 A. 2d 239. A trial judge is not required to remain mute when counsel speaks of irrelevant and prejudicial matters. See *Com. v. Kauffman,* 155 Pa. Superior Ct. 347, 354, 38 A. 2d 425. Counsel may properly be admonished on such occasions without nullifying the en-

---

[4] "Mr. Marks: Will that be included in my motion?

"The Court: Please put everything on the record that the Court has said."

tire trial as long as the trial judge does not display partiality or prejudice by his conduct, manner of speech, or choice of language. See *Com. v. Stallone,* supra, 281 Pa. 41, 43, 44, 126 A. 56; *DiBona v. Philadelphia Transportation Company,* supra, 356 Pa. 204, 216, 51 A. 2d 768. The trial judge in this instance exercised restraint in requesting counsel to devote himself to the issue in the case. "The trial judge may, and should, confine arguments within the limitations of legitimate advocacy." *Com. v. Holley,* 358 Pa. 296, 301, 56 A. 2d 546, 549. No prejudice or partiality was indicated or resulted.[5] There was merely a correction of counsel by the trial judge, and it was warranted by the circumstances. The trial judge spoke in a manner in conformity with the proper decorum of the courtroom.

Defendant next contends that the trial judge erred in excluding certain evidence offered in defense. Defendant called one Andrew P. Chako as a witness for the purpose of testifying that on December 9, 1955, ten days prior to the assault and battery, a superintendent of the Westinghouse plant had instructed a group of workers to carry steel bars and other weapons for the protection of themselves and their property; that he told the workers the company did not want to break the union, but that it did want to put the union officials in jail and break the strike, and that it was going to do this by catching them breaking the injunction. This testimony was offered for the ostensible purpose of showing that Hicks was the aggressor in the altercation with defendant. The district attorney objected to the offer, and the objection was properly

---

[5] A remark by a trial judge must be considered in connection with its context in determining whether it constituted prejudicial and reversible error. *Com. v. Cannon,* 386 Pa. 62, 69, 123 A. 2d 675.

sustained. The proffered testimony was clearly irrelevant to the charge of aggravated assault and battery. As to whether Hicks was the aggressor, it would be improper to admit testimony of this nature without further evidence that he accepted the suggestion or that he acted in pursuance thereof. To show that Hicks was the aggressor, evidence of what occurred at the time of the assault and battery would be relevant. But some nebulous statement made previously to him and others does not in itself tend to establish what Hicks actually did on the occasion of the assault and battery. Whatever the desires of the company superintendent may have been, there was nothing in the offer except conjecture and suspicion to connect them with the conduct of Hicks. The fact that the assault and battery grew out of the strike does not make it any the less a crime and consequently a matter of concern to the public as a whole. The merits of the strike and the related incidents were not involved in this trial. Any attempt to inject the labor dispute into it was inexcusable.

Finally, defendant argues that he should be granted a new trial because of after-discovered evidence. At the trial the defense was that, when defendant approached the bus, someone squirted liquid into his eyes and he was thus incapacitated during the attack upon Hicks. Apparently the liquid came from a squirt gun and was innocuous. Defendant related this incident, and he was corroborated in this respect by four witnesses. Even Hicks mentioned an incident concerning a gun. It appears that three months after the trial defendant obtained an affidavit from one Harold L. Marstellar. The Marstellar affidavit indicated that a John Anderson had exhibited to Marstellar, on several occasions, a squirt gun which Anderson supposedly admitted using to squirt the liquid into the eyes of de-

fendant on this occasion. Anderson, when approached, refused to make any affidavit. Defendant believes that these subsequent developments are such after-discovered evidence as to warrant a new trial. "A new trial in a criminal case will be awarded on the ground of after-discovered evidence where the evidence in question (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted: Commonwealth v. Moskovitz, 142 Pa. Superior Ct. 325, 326, 16 A. 2d 317." *Com. v. Hanes,* 162 Pa. Superior Ct. 206, 209, 57 A. 2d 165, 166. The purported after-discovered evidence fails to meet the second and fourth requirements. Moreover, the jury had ample evidence before it, including the testimony of the witness Hicks, concerning the possession by someone of a gun or squirt gun. To grant a new trial on the strength of this affidavit would merely give another jury an opportunity to pass upon the same question and the same evidence. It is hornbook law that Marstellar could not testify to what Anderson may have told him. And Anderson apparently would not so testify since he refused to make an affidavit in support of the allegation. At most the Marstellar testimony could be used only to attack the credibility of Anderson if the latter should deny the incident at a new trial. The proposed Marstellar testimony is not even "evidence." *Com. ex rel. Riccio v. Dilworth,* 179 Pa. Superior Ct. 64, 69, 115 A. 2d 865. If Anderson would testify that he squirted liquid into defendant's face, it would be merely cumulative and, considered with the other evidence produced at the trial, would

not require a different verdict if a new trial should be directed.

A primary function of an appellate court is to determine whether a defendant has had a fair trial. A defendant should not benefit in arriving at that determination by any attempt in his behalf to confuse or obscure the issue. It was not without difficulty that the trial judge kept the single issue before the jury without having it unduly clouded by extraneous and irrelevant excursions into company and union relationship. We find no such error in the trial of this defendant that requires a reversal of the conviction for assault and battery.

The judgment of sentence is affirmed, and the record is remitted to the court below; and it is ordered that defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal was made a supersedeas.