## Commonwealth *v.* Johnson, Appellant.

Argued September 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before GLEESON, J.

*Robert N. C. Nix, Jr.,* with him *David Zwanetz,* and *Nix and Nix,* for appellant.

*Stanley M. Schwarz,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 16, 1961:

The appellant was one of three persons indicted for the crimes of Conspiracy, Aggravated Robbery, Receiving Stolen Goods, Assault and Battery, and Aggravated Assault and Battery, the said charges arising from the following alleged circumstances.

On February 16, 1959, at about 11:30 A.M., Frank Horowitz was in the process of taking $4,200 from his place of business to the bank when he was attacked and his money taken by a man he positively identified as the appellant Levi Johnson, Jr.

At approximately 11:45 A.M. on the same date, the appellant's car was stopped at 18th and Snyder Avenues, Philadelphia, Pa. The other two defendants, Henry Johnson and Wilton Mathews were occupying it at that time, but the appellant was not in the car. Under the front seat the officers found the bag of money which had been taken from Mr. Horowitz.

The appellant was also identified as the robber by an eyewitness, Daniel Banks, a nine year old boy. He testified that he saw the appellant hit Mr. Horowitz, take the bag from him, and later get into a parked car that was occupied by two other people.

The appellant's defense was an alibi that at the time of the robbery he was in court as a defendant in another case. He produced witnesses who testified in support of his alibi.

There was no question about the fact that the appellant was in court on that particular date at or about 11:10 A.M. However, the Commonwealth contended that he left court, committed the robbery and got back to court in time for his trial, which was called at 3:00 P.M.

The jury found all defendants guilty on the charges of Conspiracy and Aggravated Robbery. The trial judge directed a verdict of not guilty as to all defendants on the other charges. The lower court denied appellant's motion for new trial and in arrest of judgment and sentenced him to the Philadelphia County Prison for a term of 18 months to three years.

Appellant has appealed from this sentence and judgment contending that the lower court abused its discretion in denying his motion for new trial which was

based upon three items of allegedly after-discovered evidence.

The appellant presented an affidavit by an automobile repairman stating that the appellant's car was in the shop from December 23, 1958 to February 5, 1959, for the purpose of refuting the Commonwealth's witnesses in their testimony that they had seen this car in operation during this period with appellant and his co-defendant, Mathews, in it. Appellant had previously testified he did not know Mathews prior to the trial.

Appellant also presented a memorandum of Police Lt. Hanrahan concerning the reports of the police officers who testified for the Commonwealth. This memorandum allegedly showed that the officers did not submit a formal report at the time they stopped appellant's car, when Mathews was a passenger in it.

The last evidence represented to be after-discovered was a sketch of the area of the robbery purporting to prove that the Commonwealth's nine year old witness could not have seen the appellant enter the get-away car.

For a new trial to be granted on the basis of after-discovered evidence, it (1) must have been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching the credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted. *Commonwealth v. Phillips,* 183 Pa. Superior Ct. 377, 132 A. 2d 733; *Commonwealth v. Hanes,* 162 Pa. Superior Ct. 206, 57 A. 2d 165.

The three items of after-discovered evidence relied upon by the appellant do not come within the established rule. It is clear that the sole probative effect of the affidavit of the automobile repairman, as well as the memorandum concerning the police officers' re-

ports, would be merely to impeach the credibility of the police officers who testified at the trial. The record shows that the officers were cross-examined vigorously on the question of whether they actually stopped the appellant previously and observed the appellant riding in his automobile with Mathews as a passenger.

Appellant cannot knowingly take his chances on failing to call a corroborating or impeaching witness and then use an affidavit of such witness as a basis for securing a new trial. *Commonwealth v. Kostan,* 349 Pa. 560, 37 A. 2d 606.

It is apparent from the record that counsel for the appellant was in possession of the affidavit of the repairman at the time of the trial and could have called the repairman as a witness for the defense. No reason is given why his testimony was not produced at the trial.

With regard to the sketch relating to the testimony of Daniel Banks, its only probative effect would be to impeach the credibility of the young eyewitness and furnishes no sufficient reason for granting a new trial. *Commonwealth v. Kostan,* supra.

Appellant relies on the rule of *Commonwealth v. Jennings,* 129 Pa. Superior Ct. 584, 196 A. 598, that where the Commonwealth has *misled* the defendant and prevented him from calling witnesses who have been subpoenaed, by representations that their testimony would be of no value, the situation is taken out of the ordinary rule of after-discovered evidence. The evidence omitted in that case discredited the Commonwealth's most important witness in vital particulars. The *Jennings* case is clearly distinguishable from the present case wherein, even excluding the challenged testimony of the police and the nine year old boy, the familiarity of the victim with the appellant and his positive identification, the unquestioned portion of the boy's testimony, and the fact that the stolen property was

found in appellant's automobile constituted more than sufficient evidence to support appellant's conviction; and therefore, if a new trial were granted, it is unlikely that the after-discovered evidence would produce a different verdict. Furthermore, none of the evidence in the present case appears to have been after-discovered. It was all available at the time of the trial. Also there is nothing that indicates that appellant and his counsel were misled by anything done by the Commonwealth's representatives which caused them to refrain from using this evidence.

Judgment affirmed.