Commonwealth *v.* Bonaduce, Appellant.

Submitted March 22, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

518

*James A. Lynch,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

Appellant contends that he is entitled to a new trial because of after-discovered evidence which would have constituted an alibi to the charges against him.

Appellant was charged with burglary, larceny and conspiracy to commit larceny of a Lord and Taylor Department Store, City Line and Belmont Avenue, Bala Cynwyd. Appellant, who was a police sergeant in Marcus Hook, served as a part-time security guard at the store. On the night of September 12, 1969, appellant and another security guard were allegedly observed removing merchandise from the store premises. Defendants were tried jointly before a jury from January 22 to January 26, 1971. Both were convicted on all charges. Post-trial motions were argued and from their denial, appellant has taken this appeal.

While appellant raises several grounds for our consideration, only one merits discussion.[1] Appellant argued that one Robert Dixon, who was not present at appellant's trial, would have testified that appellant was with him on the night in question, and that this would serve as an alibi to the crimes for which he was charged. He insists that this after-discovered evidence should require the granting of a new trial. On June 14, 1973, this Court, in a Per Curiam Order, remanded the case to the lower court to obtain an affidavit which would explain the nature of the alibi and the reason for nonproduction at time of trial of this crucial evidence. We have since received the affidavit in question. We find insufficient cause for granting a new trial under the principle of "after-discovered evidence."

The criteria for the grant of a new trial because of after-discovered evidence were set forth in *Commonwealth v. Phillips*, 183 Pa. Superior Ct. 377, 387, 132 A. 2d 733 (1957): "A new trial in a criminal case will be awarded on the ground of after-discovered evidence where the evidence in question (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted."

While the purported after-discovered evidence meets the second and third requirements, it is certainly possible that in the face of the strong evidence against the appellant the alibi offered by the appellant's "new" wit-

---

[1] Apellant's contentions that he was denied right to communicate with counsel, that the trial court erred in its charge with respect to the elements of burglary and that there was insufficient evidence to sustain a conviction, have been reviewed and are without merit.

ness would not result in a different verdict. This, in itself, would not preclude appellant's right to a new trial upon the discovery of new and "light shedding" evidence. Certainly, as the jury would then be faced with opposite stories based upon visual observations and oral testimony, it is possible the jury could determine that a reasonable doubt existed so as to find the appellant not guilty of the charges against him.

Unfortunately for the appellant, we are unable to find that appellant has satisfied the first requirement, i.e., that this evidence "could not have been obtained at or prior to the conclusion of the trial." If appellant was with Mr. Dixon on the night in question, and as no lapse of memory was either alleged or proven to exist on the part of the appellant, it would appear that the alibi witness could have been produced at the trial. The affidavit sets forth circumstances alleging that appellant was with Dixon on the night in question. By his own affidavit, however, the witness admits availability at time of trial. His only reason for not coming forward sooner is that he was not aware of the fact that appellant was on trial. There appears to be no justifiable reason why defense counsel could not have communicated with the witness and have produced him at trial.

Judgment of sentence is affirmed.

JACOBS and CERCONE, JJ., concur in the result.