J-A33043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RYAN WALSH, | : | |
| Appellant | : | No. 925 WDA 2016 |

Appeal from the Judgment of Sentence June 1, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-SA-0000836-2016

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 27, 2017**

Ryan Walsh (Appellant) appeals *pro se* from the judgment of sentence entered June 1, 2016, following his convictions for the summary offenses of violating obedience to traffic-control devices and failure to stop at a red signal.  We affirm.

On March 3, 2016, Deputy James Scholtz of the Allegheny County Sheriff's Department saw that a driver of an automobile "was utilizing a left-hand turn only lane at a very busy intersection [of Sandy Creek and Verona Roads in Penn Hills, and] proceeded straight ahead through that intersection." N.T., 6/1/2016, at 3.  Deputy Scholtz "observed the actor do this on several occasions." *Id*. at 4.  Because Deputy Scholtz was "far back at the intersection," he "did not go after [the driver] due to the traffic

---

*Retired Senior Judge assigned to the Superior Court.

concerns." ***Id***. at 5. Deputy Scholtz also saw Appellant go "through the light while it was still red." ***Id***.

On March 7, 2016, Deputy Scholtz "observed the same vehicle come down and attempt to do the same thing." ***Id***. at 5-6. Thus, Deputy Scholtz "pulled him over." ***Id***. at 6. Appellant was the driver of the vehicle, and Deputy Scholtz explained to Appellant why he was being pulled over. Appellant questioned why he was being pulled over "for something he had done the week before." ***Id***. Deputy Scholtz "explained to him that [he] observed [the offenses], [] made note of dates, times, [and] locations in [his] van and [] was getting [Appellant] at this time to make him aware of the infractions." ***Id***.

Appellant was charged with the aforementioned summary offenses and was found guilty before the magisterial district court. Appellant timely filed a summary appeal and a *de novo* hearing was conducted on June 1, 2016 by Judge Lester Nauhaus. At that hearing, Deputy Scholtz testified about the circumstances that led to the charges in this case. The trial court found Appellant guilty of both offenses and sentenced Appellant to pay a fine of $175. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two questions for our review.

> 1. Whether the [trial court] had sufficient evidence for the factual findings that [Appellant] was guilty of both counts of

failure to stop at a red signal as well as obedience to traffic control device[.]

2. Whether the [trial court] gave [Appellant] a fair trial based on the fact[ J]udge Nauhaus prematurely ended cross examination and failed to allow [Appellant] to question [Deputy] Scholtz, his unprofessional conduct by continuing to make demeaning comments, and his abuse of power.

Appellant's Brief at 5 (unnumbered).

We first consider Appellant's argument that the evidence was insufficient to convict him of both offenses.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014).

Instantly, Appellant was charged and convicted with two offenses: 1) failure to obey a traffic-control device pursuant to 75 Pa.C.S. § 3111, which

- 3 -

provides that "the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title[;]" and 2) failure to stop at a red signal pursuant to 75 Pa.C.S. § 3112(3)(i), which provides that "[v]ehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line[.]" Appellant does not argue that the offenses were not committed; rather, he contends the trial court erred in convicting him for both because the testimony of Deputy Scholtz did not establish that it was Appellant who was driving the vehicle. Appellant's Brief at 7 (unnumbered).

At trial, Deputy Scholtz testified that he observed Appellant as the individual driving the car on March 3, 2016 when the offenses occurred. **See** N.T., 6/1/2016, at 8. The trial court "found the testimony of Deputy Scholtz to be credible, and [Appellant's] testimony not to be credible." Trial Court Opinion, 8/9/2016, at 2. Because the trial court believed the testimony of Deputy Scholtz, Appellant's argument to the contrary does not entitle him to relief. **See also Commonwealth v. Gibbs**, 981 A.2d 274, 281–82 (Pa. Super. 2009) ("An argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence.").

Appellant next contends that Judge Nauhaus "did not give [Appellant] a fair trial." Appellant's Brief at 8. Specifically, Appellant claims that Judge

Nauhaus did not permit him to finish his cross-examination of Deputy Scholtz. *Id*. In addition, Appellant claims that Judge Nauhaus did not conduct "a fair trial" and "had several instances of unprofessional conduct where he made demeaning comments to [Appellant]."[1,2] *Id*.

At trial, Appellant, who was *pro se*, had the opportunity to cross-examine Deputy Scholtz. Then, the following exchange occurred:

> The Court: No, you don't ask him any more questions, we are done with cross-examination. You're now making argument with me.

---

[1] For example, Appellant claims, *inter alia*, that Judge Nauhaus referred to Appellant as a "fool for representing himself." Appellant's Brief at 8 (unnumbered); N.T., 6/1/2016, at 7 (Judge Nauhaus states the following: "You know what they say about a person who represents themself (*sic*)…. They have a fool for a client."). Judge Nauhaus is referring to an old adage. "It is as true today as it always was that he who is his own lawyer has generally a fool for a client." **Brennan v. Franey**, 5 Pa.C.C. 212, 213 (Schuylkill Cty. 1888).

[2] Arguably, Appellant has waived these issues by failing to make timely, specific objections at trial. However, "in limited circumstances, a party may raise allegations of judicial misconduct for the first time in post-trial motions. While trial counsel has an obligation to object to improper language and/or behavior in the courtroom to effectively represent his or her client, there may be circumstances in which objections have a deleterious effect on the jury or even on the judge whose behavior is extremely unprofessional." **Harman ex rel. Harman v. Borah**, 756 A.2d 1116, 1125 (Pa. 2000). Here, Appellant could not file post-trial motions pursuant to Pa.R.Crim.P. 720(D) ("There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas."). Because Appellant is raising allegations of judicial misconduct and could not file post-sentence motions, we will not find that Appellant has waived these issues where he raised them for the first time in his concise statement.

Sir, if you are going to come in here without a lawyer you're going to be held to the same standard that I hold people that have lawyers. It's that simple. You can't change the rules.

[Appellant:] I understand.

The Court: No, you don't seem to.

[Appellant:] Okay.

The Court: I keep saying things and you just keep talking. His evidence is he saw you doing it on the 3rd. That's his evidence. Your evidence is it wasn't me, is that correct?

So, I have to believe one or the other. Are you telling me it wasn't you driving on the 3rd?

[Appellant:] That is what I am telling you, yes.

The Court: Okay.

N.T., 6/1/2016, at 14-15.

It is well-settled that "the trial judge has discretion in determining the point at which further cross-examination will be of no value, and his ruling will not be reversed in the absence of an abuse of that discretion." **Commonwealth v. Marker**, 331 A.2d 883, 887 (Pa. Super. 1974). Here, the record shows that Appellant had ample opportunity to question Deputy Scholtz, and the trial court stopped questioning once it became repetitive and turned into argument. **See** N.T., 6/1/2016, at 7-14. We discern no error or abuse of discretion. **See Commonwealth v. Lyons**, 833 A.2d 245 (Pa. Super. 2003) (holding that pro se defendant's claim that the trial court prevented him from completing cross-examination did not entitle him to

relief where it was belied by the record which showed that defendant questioned the witness at length and the witness simply disagreed with defendant's version of the events).

With respect to Appellant's other allegations of judicial misconduct, we are cognizant of the following.

> Every unwise or irrelevant remark made in the course of a trial by a judge … does not compel the granting of a new trial. A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.

**Commonwealth v. Goosby**, 301 A.2d 673, 674 (Pa. 1973) quoting **Commonwealth v. Phillips**, 132 A.2d 733, 736 (Pa. Super. 1957).

Our review of the record reveals that while some of the remarks of Judge Nauhaus may have been less than temperate, Appellant was not prejudiced.  The issues before Judge Nauhaus were simple, and the decision of Judge Nauhaus to credit the testimony of Deputy Scholtz, rather than the testimony of Appellant, did not deprive Appellant of a fair trial.  Accordingly, Appellant is not entitled to relief on this basis.

Judgment of sentence affirmed.


Judgment Entered.

_____

- 7 -

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>1/27/2017</u>