## Commonwealth *v.* Flaherty, Appellant et al.

Argued April 10, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert L. Prior,* with him *L. Pat McGrath* and *Mc-Grath, McGrath & McGrath,* for appellant.

*Marjorie H. Matson,* Assistant District Attorney, with her *William S. Rahauser,* District Attorney and *Samuel Strauss,* Assistant District Attorney, for appellee.

OPINION BY RENO, J., July 20, 1950:

Appellant and four others were convicted of armed robbery in Pittsburgh where a $2900 payroll was stolen. Only two errors are alleged, although the trial consumed six full days.

After the trial had proceeded for several hours and the testimony of three witnesses had been taken, appellant moved for a severance. Manifestly, the request came too late. In any event the action of a trial court upon a request for a separate trial of a crime of lesser degree than felonious homicide will be disturbed on appeal only upon showing an abuse of discretion. Act of March 31, 1860, P. L. 427, §40, 19 P. S. §785; *Com. v. Mulroy,* 154 Pa. Superior Ct. 410, 36 A. 2d 337. In this case one indictment charged six defendants with one crime. One, Hess, pleaded guilty. The charge of the court adequately protected appellant against incriminating statements in the confession of the co-defendant who had pleaded guilty.

At the end of his cross-examination defense witness Pascoe was asked: "Q. Do you have an interest in this case? A. I have nothing, no. I don't care. It ain't going to help me out any. Mr. Strauss [the assistant district attorney]: *"You are not kidding."* (Emphasis added.) Appellant moved to withdraw a juror which the trial judge overruled. Immediately thereafter he said: "Members of the jury, you will entirely disregard what the District Attorney said. Mr. Strauss, that is highly improper, and do not make that type of remark again."

Pascoe had been convicted of an independent crime, unconnected with that charged against appellant, and was undergoing imprisonment. Appellant argues that the prosecutor's statement was a threat to "seek retribution against anyone who testified in behalf of the defendants." Yet immediately following Pascoe the defense called the witness Kappelusz whose testimony was substantially similar. The trial judge reports that he "testified without hesitation in favor of the defendants and against the prosecuting witness Harold Hess, a codefendant who had turned State's evidence", and our reading of the record confirms that view. There is nothing in the record sustaining appellant's contention that he was prejudicially harmed by the episode. The prompt and adequate instruction and admonition of able and experienced Judge McNaugher rendered innocuous an otherwise improper remark.

The case is ruled by *Com. v. Meyers,* 290 Pa. 573, 581, 139 A. 374, where Mr. Justice Kephart laid down the principle: "Where, under all the circumstances of the case, the verdict rendered is a just one, the language of the prosecuting officer which will justify a reversal must be such that its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of doubt, extenuation or degree of guilt that may be present in the case, and thus make them unable to render a true verdict."

Judgment and sentence affirmed.