Commonwealth *v.* Narr, Appellant.

Argued March 10, 1953. Before RHODES, P. J., RENO, ROSS and WRIGHT, JJ. (HIRT, DITHRICH and GUNTHER, JJ., absent).

*Morris F. Cohen,* with him *Charles N. Caputo,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, and *Samuel Strauss,* Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., April 14, 1953:

Appellant was charged with burglary in twenty-two indictments, which were consolidated for trial before one jury. He was found guilty of three charges, and not guilty as to the others. This appeal is from the refusal of the lower court to grant his motions in arrest of judgment and for a new trial.

Counsel for appellant advances two contentions (1) that the conviction was based upon confessions and admissions which were improperly received in evidence because they resulted from inducement and were therefore involuntary; and (2) that the District Attorney in his closing address made prejudicial references to the defendant. It will be necessary to set forth the factual situation in some detail.

The charges upon which appellant was convicted relate to the burglarizing of the American Legion Post No. 681, the Thoma Drug Store, and the dwelling of Eleanor S. Moke. Appellant contends that promises were made to him by a detective that if he would confess to some thirty unsolved burglaries and testify against other suspects, he would be released on bond and would receive suspended sentences. Appellant was also charged with violation of parole and was subject, if convicted, to re-incarceration for an unexpired term of nine and one-half years. He contends that the detective also promised that every effort would be made to obtain for him a re-parole. Appellant contends further that these promises were confirmed by other detectives, and by an Assistant District Attorney. He contends further that he was taken before the Judge who was at that time presiding in criminal court, and was informed that the court would follow the recommendations of the District Attorney's office. Thereafter appellant executed a signed confession implicating himself and others in thirty burglaries, including

the three in question. Appellant also made a wire recording of which a transcript was prepared and signed by him. Thereafter, and prior to his hearing, appellant made an oral admission to a representative of the American Legion Post relative to that particular burglary. At the hearing appellant made further oral admissions relative to the Thoma and Moke burglaries. He subsequently pleaded guilty in eight cases and appeared as a Commonwealth's witness against his three accomplices.

At the instant trial, in addition to proving the corpus delicti, the Commonwealth introduced the written confession, the recording, the signed transcript, and testimony as to the oral admissions. Appellant denied his guilt and testified concerning the alleged promises. In rebuttal all persons mentioned by appellant in connection therewith testified that no such promises had been made. For the purpose of affecting appellant's credibility, the Commonwealth also offered in rebuttal the record of fifteen previous convictions of burglary.

Appellant's counsel contends the evidence is so convincing that the confessions resulted from inducement that the court should have ruled them inadmissible as a matter of law, citing *Turner v. Pennsylvania,* 338 U. S. 62, 69 S. Ct. 1352. Counsel also contends that the oral admissions in connection with the three burglary charges on which appellant was convicted were inadmissible for the same reason, citing *Com. v. Turner,* 367 Pa. 403, in which Turner's second conviction was reversed. To the contrary, we are entirely clear that the question whether the confessions and admissions were voluntary in character was for the jury's determination.

In his fair and comprehensive charge, Judge ADAMS of the court below fully instructed the jurors that it

was for them to decide whether appellant's confessions and admissions were voluntary, and that, if involuntary, they should be rejected entirely. This instruction appears on four different occasions in the body of the charge and is contained in defendant's points three, five, and six, all of which were affirmed. In the *Turner* case it was held that the taking of a confession from defendant as the result of questioning by relays of officers from four to six hours a day for five days, during which time defendant was not permitted to see friends or relatives, was not informed of his right to remain silent, and was not given a hearing until the interrogation had produced a confession, was a denial of due process. It is important to note that the evidence of coercion in that case was undisputed. The case at bar presents a significantly different situation in that an issue of fact was raised as to the alleged inducement.

The two other cases relied upon by appellant's counsel do not support his position. In *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, the trial judge had submitted the voluntariness of relator's confession to the jury, and the action of the lower court in discharging relator on a writ of habeas corpus was reversed. In *Com. ex rel. Handrahan v. Smith,* 147 Pa. Superior Ct. 439, relator's petition for a writ of habeas corpus was refused because this court was satisfied that no threats, coercion, deception or promises had been used to obtain relator's pleas of guilty. In *Com. v. Spardute,* 278 Pa. 37, relied on by counsel for the Commonwealth, the factual situation was somewhat similar to the one at bar. It was there held that the lower court had properly submitted to the jury the question as to whether defendant's confession was voluntary. The issue is for the jury to determine under proper instructions

from the trial judge: *Com. v. Townsend,* 167 Pa. Superior Ct. 71, 78.

Coming now to the second contention, counsel for appellant alleges that the District Attorney in his closing address referred to the defendant as an "ex-convict" and a "rattle snake". The proper procedure where objection is made to statements of counsel in an argument to the jury has been outlined in *Com. v. Wilcox,* 316 Pa. 129. This procedure was not followed in the case at bar, and it does not clearly appear that the latter reference was actually made. The former reference was no more harmful than the introduction (which was proper) in rebuttal of appellant's fifteen prior felony convictions. In any event, the effect of such remarks depends upon the atmosphere of the trial and the proper action to take is largely a matter for the presiding judge to determine: *Com. v. Del Giorno,* 303 Pa. 509, 519. We are satisfied that the lower court fully protected appellant by his statement to the jury at the time, and that there was no abuse of discretion in the refusal to withdraw a juror under the circumstances: *Com. v. Flaherty,* 167 Pa. Superior Ct. 19.

Judgment and sentence affirmed.