Commonwealth *v.* Drischler, Appellant.

Argued November 18, 1953.   Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Valera Grapp,* for appellant, submitted a brief.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY WRIGHT, J., March 16, 1954:

Norbert Drischler was tried in the court of Oyer and Terminer of Allegheny County on charges of rape and aggravated assault and battery.   He was convicted of rape and simple assault and battery.   Following the refusal of a motion for new trial, he was sentenced on the conviction for rape.[1]   This appeal followed.   Not-

---

[1] Sentence was suspended on the conviction for assault and battery.   Where two crimes are committed in the same transaction, differing merely in degree, only one penalty may be imposed after conviction: *Commonwealth ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A. 2d 190.   And see *Commonwealth ex rel. Tokarchik v. Claudy,* 174 Pa. Superior Ct. 509, 102 A. 2d 207.

withstanding the Commonwealth's complaint that appellant did not comply with the provisions of our Rules, we have proceeded to consider the case on its merits. See *Commonwealth v. Zeigler,* 164 Pa. Superior Ct. 82, 63 A. 2d 128.

During the course of his summation to the jury, the assistant district attorney admittedly made certain remarks concerning a written statement signed by a physician who had examined the prosecutrix. This physician had not testified, and the statement had not been introduced in evidence. Apparently the remarks did not concern the contents of the statement, but were an answer to comments of appellant's counsel on the Commonwealth's failure to call the physician as a witness. During his charge, the trial judge said, inter alia, "I might say in commenting on the injury, that the law was correctly quoted to you about witnesses who know something about the case not being called, and the presumption is that their testimony would not be favorable to the person whose duty it was to call them. Now, the doctor in this case was not called. Had he been called he might have strengthened the case for the Commonwealth or he may not have strengthened the case. The law says that we presume his testimony would not be favorable". At the conclusion of the charge, the trial judge asked: "Have counsel any requests for additions or corrections". Appellant did not at that time raise any question concerning the remarks.

After the jurors had deliberated for four hours, they asked for further instructions, stating they were "divided for lack of evidence or further proof of serious injury". The trial judge explained that proof of grievous bodily harm was necessary to sustain the charge of aggravated assault and battery, but that it was not necessary to sustain the charge of rape. He

said, inter alia, ". . . if this man forcibly had intercourse with this girl, that's rape whether there was any injury or any harm or any damage to the girl at all". The jurors had also requested "the testimony or results of the medical examination". The trial judge explained that, since the physician had not been called, this evidence "is not competent testimony and I cannot give it to you". Appellant's assertion that a general exception was taken to the charge is not supported by the record, but this circumstance is not material to our decision.

The procedure which must be followed if improper remarks of counsel are to form the basis for an appeal has been well established. Prompt objection and a motion for the withdrawal of a juror must be made, coupled with a request that the words, as the trial judge heard and understood them, be placed upon the record. An alternative method of placing the remarks upon the record is by affidavit. See *Commonwealth v. Wilcox,* 316 Pa. 129, 173 A. 653; *Commonwealth v. Mika,* 317 Pa. 487, 177 A. 3. While we are not required to pass upon remarks of counsel which are not properly covered by an exception: *Commonwealth v. Del Vaccio,* 299 Pa. 547, 149 A. 696, such a strict rule is not always applied: *Commonwealth v. Lynott,* 133 Pa. Superior Ct. 565, 3 A. 2d 207. However, appellant in the case at bar faces two insurmountable difficulties. In the first place, the record is silent as to the actual remarks, and we are therefore unable to properly evaluate them. In the second place, the record does not show that objection was made promptly, and the presiding judge was therefore not afforded an opportunity to correct the alleged error at the time. Indeed, it appears that the objection was first raised in the motion for new trial.

The case of *Narciso v. Mauch Chunk Township*, 369 Pa. 549, 87 A. 2d 233, which is the only authority cited by appellant's counsel, is readily distinguished. In that case, the record showed that prompt and vigorous objection was made, and it was held that "the objection alone was sufficient to preserve the point for review". However, Mr. Chief Justice DREW significantly remarked: "In many cases the effect of an erroneous or misleading statement can be corrected if it is called to the court's attention immediately but if a party chooses to remain silent we must assume that he felt the remark did him no harm".

The effect of improper remarks of counsel depends upon the atmosphere of the trial and the proper action to take is largely a matter for the presiding judge to determine: *Commonwealth v. Narr*, 173 Pa. Superior Ct. 148, 96 A. 2d 155. Language of a prosecuting officer which will justify a reversal must be such that its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh the evidence and render a true verdict: *Commonwealth v. Flaherty*, 167 Pa. Superior Ct. 19, 74 A. 2d 506. On the less serious charge in the case at bar, appellant was found guilty of simple assault and battery only. It is therefore apparent that the remarks did not influence the jury to his prejudice. We have carefully reviewed the record, and are of the opinion that appellant was given a fair trial and that his rights were fully protected.

Judgment affirmed.