Commonwealth *v.* McHugh et al., Appellants.

Argued September 9, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Joseph P. Brennan,* for appellants.

*Carlon M. O'Malley,* District Attorney, with him *William J. Kearney,* First Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., November 14, 1958:

Joseph J. McHugh and Robert K. Malloy appealed from judgments of sentence imposed by the Court of Quarter Sessions of Lackawanna County after their conviction, together with certain other defendants, of the crime of conspiracy. The indictment charged de-

fendants, Joseph Bartell [Bartel], Philip E. Brady, Joseph J. McHugh, and Robert K. Malloy, with conspiring to unlawfully, willfully, wantonly and maliciously damage and destroy and cause to be damaged or destroyed a certain partially built and constructed building in the City of Scranton. All the defendants were convicted on the charge of conspiracy; the jury returned a verdict of not guilty, however, on another indictment charging malicious mischief.

Appellants contend that they did not receive a fair and impartial trial because of the closing argument of the district attorney which is alleged to have been inflammatory and prejudicial, and because of the charge of the court which is alleged to have been argumentative in favor of the Commonwealth.

Appellants and their co-defendants were officials of various labor unions in the Scranton area. In 1953, a nonunion construction company from Luzerne County contracted to build a house for Joseph and Ellen Denny on Seymour Avenue in the City of Scranton. Work was started on December 29, 1953. On December 31, 1953, as the work progressed, Joseph Bartell, one of the defendants who has not appealed, appeared on the job. His home joins the rear of the Denny property. Bartell was business agent for the local carpenters' union and was president of an organization of trade unions called the Scranton Building Trades Council. Bartell asked who was doing the work and whether it was a union job; upon being told that it was not a union job he said that it had better be. Work continued on the building, and McHugh placed a picket from the teamsters' union at the job.

On January 15, 1954, a group consisting of twenty to forty men appeared at the premises. They climbed on the scaffolding, forced off the men working on the building, removed the mixing tool from the workmen

at the mortar box, and surrounded a truck which was delivering material. The workmen were warned that there would be trouble if any more work was done on the building. After the work had been forcibly stopped, appellants McHugh and Malloy appeared at the premises.

On January 17, 1954, appellants were among those who met with approximately twenty-five men who were connected with labor unions in Scranton. Malloy announced that the purpose of the gathering was to do a job on the nonunion construction, and that they were going to damage the foundation walls. He further stated that the nonunion contractor had a nerve to construct a building practically in the back yard of President Bartell of the Scranton Building Trades Council, and that they were going to teach the contractor a lesson. The group then obtained wrecking bars, and between ten thirty and eleven o'clock that evening, they proceeded to the Denny property. Appellants and the co-defendants were present and participated in damaging and destroying the property. Malloy destroyed the cement; McHugh used a crowbar to punch holes in the cinder block wall. Other members of the group participated in the criminal acts, which reveal the antecedent conspiracy.

The sufficiency of the evidence to sustain the convictions is not questioned by appellants on these appeals. The questions raised are limited to the district attorney's closing address to the jury and to the charge of the court.

The closing remarks of the district attorney are alleged by these appellants to have been improper, inflammatory, and prejudicial. A district attorney is a quasi judicial officer charged with important duties which include the proper presentation of the case for the Commonwealth as the circumstances demand.

*Com. v. Exler,* 61 Pa. Superior Ct. 423, 437. A district attorney in his closing address or argument may properly "state reasonable inferences from the facts and comment with some severity, in proper cases, upon the credibility of defendant's testimony. . . . [He] may press with zeal the Commonwealth's case and by fair arguments discredit that of the prisoner; . . ." *Com. v. Crittenton,* 326 Pa. 25, 30, 191 A. 358, 361. A district attorney in fairly presenting the case of the Commonwealth may urge upon the jury any deductions from the evidence which are legitimate, and he may point out to the jury the evidence which would justify the conviction of the defendants. *Com. v. Bubnis,* 197 Pa. 542, 550, 47 A. 748; *Com. v. Nicely,* 130 Pa. 261, 270, 18 A. 737. If it appears that the remarks may have been intemperate, the question arises whether they had prejudicial effect. "Language of a prosecuting officer which will justify a reversal must be such that its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh the evidence and render a true verdict: Commonwealth v. Flaherty, 167 Pa. Superior Ct. 19, 74 A. 2d 506." *Com. v. Drischler,* 175 Pa. Superior Ct. 74, 78, 103 A. 2d 467, 469. It must be recognized that where, under all the circumstances, the verdict rendered is a just one the language of the district attorney which will justify a reversal must be such that its unavoidable effect would be to prejudice the jury. *Com. v. Meyers,* 290 Pa. 573, 581, 139 A. 374.

Bearing in mind these basic principles, we examine the specific remarks of the district attorney in this case to which objection is made. In the first part of his argument the district attorney stated to the jury: "God forbid that the house wasn't built when that swarm of people went over that night, or they would

have flattened it to the earth!" In commenting upon this remark, the court below said in its opinion: "In closing defense counsel implored the jury not to brand defendants as criminals for $35 worth of building materials and characterized the crime as nothing 'more serious than a Halloween prank.' It was, therefore, proper for the District Attorney to point to evidence that the property destroyed was worth hundreds of dollars; to assert that it was a serious matter; and to argue that the violent and lawless nature of the events indicated that more destruction would have been accomplished had the construction progressed further toward completion at the time. This was fair comment." Appellants cannot complain of remarks which were invited or provoked by the argument of the defense, where such remarks were not excessive but were justified replies. *Com. v. Sloat,* 298 Pa. 10, 16, 147 A. 834; *Com. v. Patskin,* 372 Pa. 402, 422, 93 A. 2d 704; *Com. v. Grosso,* 169 Pa. Superior Ct. 606, 611, 84 A. 2d 239. In any event, after the attempt by defense counsel to minimize the destructive action of the defendants, it was proper for the district attorney to review the matter and to bring it into its proper perspective. See *Com. v. Del Giorno,* 303 Pa. 509, 518, 154 A. 786. Moreover, this remark was directed primarily at the acts of destruction although it may incidentally have related to the conspiracy. The fact that the jury acquitted all defendants of maliciously destroying the property is some indication of a lack of prejudice arising from the remark. See *Com. v. Drischler,* supra, 175 Pa. Superior Ct. 74, 78, 103 A. 2d 467.

Appellants also complain that the district attorney, in the course of his argument, stated to the jury that on a certain day a conspiracy was announced, and further that he referred to one of the witnesses who testified for the Commonwealth against defendants as

a fellow conspirator; both statements, it is alleged, assumed the existence of the conspiracy, the fact in issue. We observe that defense counsel did not object to the remark of the district attorney concerning the announcement of the conspiracy, and that, after the district attorney had referred to a Commonwealth witness as a fellow conspirator, he withdrew his remark on the objection of defense counsel. However, we have examined both remarks in the context and, in view of the evidence, find that they could not have been prejudicial. The remark concerning the announcement of a conspiracy was based upon the evidence and was a fair argument thereon. The reference to one of the Commonwealth's witnesses as a fellow conspirator was an isolated incident which was immediately corrected. While the district attorney should always be cautious in expressing to the jury his personal belief in the guilt of the accused, any remark to that effect may be rendered harmless, as in the present case, unless it appears that the district attorney exceeded the limits of fair argument and appealed solely to the prejudices of the jury. *Com. v. Bubnis,* supra, 197 Pa. 542, 550, 47 A. 748; *Com. v. Wilcox,* 316 Pa. 129, 139, 173 A. 653. The remark that one of the Commonwealth's witnesses was a fellow conspirator could only by inference, if at all, indicate the district attorney's personal belief in the guilt of the defendants on the charge of conspiracy. Obviously no prejudice arose from this isolated and inadvertent remark, particularly in view of its immediate correction. As the court below indicated, it was not improper for the Commonwealth to argue, on the basis of the evidence, that the Commonwealth witness who testified against defendants had been closely allied with them in this crime and that his testimony was unshaken and corroborated. The trial judge cautioned the jury that the source of

such testimony was corrupt, the witness being admittedly involved in the crime, and that such testimony should be scrutinized with great care. See *Com. v. Bubna,* 357 Pa. 51, 66, 53 A. 2d 104.

Appellants' next contention relates to the final summation in the argument of the district attorney. In particular, complaint is made to a statement that, while these union men had rights which they could have exercised according to law, they rejected the law of the land and resorted to the use of force and violence, the "law of the jungle," and that such activities, if allowed to persist, were a threat to the person and property of individuals in the community such as the jurors. The remarks of the district attorney were in answer to the arguments of defense counsel that defendants, as officials of the unions, were trained to do things in a legal way without violence; that this was an issue of union against nonunion labor; and that these defendants and their families suffered by reason of publicity and of anonymous telephone calls, and because their children did not want to attend school as a result thereof. The summation of the district attorney refuted these arguments. As the court below said: "The argument was strong and persuasive but not improper or inflammatory. Every aspect was in reply to defense appeal. The District Attorney was, certainly, entitled to argue that while unions have rights which the defendants could have exercised according to law, they preferred to gain their ends by force and violence; that in so doing they rejected the law of the land and resorted to the 'law of the jungle' or other methods of a more primitive civilization." A district attorney may argue, within the bounds of propriety, in favor of law and order, and in so doing may remind the jury of the danger to the community posed by persons prone to resort to violence. See *Com.*

*v. Morrison,* 180 Pa. Superior Ct. 121, 130, 118 A. 2d
258. Even where the language of the district attorney
is intemperate, uncalled for, and improper, which is
not present in this case, it would not necessarily re-
quire setting aside the verdict. *Com. v. Crittenton,*
supra, 326 Pa. 25, 31, 191 A. 358. As we have said,
the language must be such that its unavoidable effect
was to prejudice the jury. In this respect the effect
of such remarks depends upon the atmosphere of the
trial; and the proper action to be taken is largely a
matter within the discretion of the trial judge. *Com.
v. Del Giorno,* supra, 303 Pa. 509, 519, 154 A. 786;
*Com. v. Morrison,* supra, 180 Pa. Superior Ct. 121, 130,
118 A. 2d 258. We find no abuse of that discretion
in this instance.

Appellants finally complain that the charge of the
court was argumentative and favored the Common-
wealth. We have fully examined the charge of the
court, and it is our conclusion that the trial judge fair-
ly and adequately explained the law, reviewed the
evidence, and set forth the contentions of both the
Commonwealth and the defense. We find no over-
emphasis of the Commonwealth's case or any minimiz-
ing of the contentions of the defense. The arguments
here are similar to those presented in *Com. v. Bartell,*
184 Pa. Superior Ct. 528, 546, 547, 136 A. 2d 166, and
are equally without foundation.

We are of the opinion that the appeals are entirely
devoid of merit; they merely delay compliance with
the sentences imposed. The trial was conducted by
Judge Robinson in a competent manner, and no con-
stitutional or other right of appellants was violated.

Judgments of sentence are affirmed; the record is
remitted to the court below, and it is ordered that de-
fendants appear in the court below at such time as
they may there be called, and that they be by that

court committed until they have complied with the sentences, or any parts thereof which have not been performed at the time each appeal was made a supersedeas.