## Commonwealth *v.* Banker, Appellant.

Argued November 15, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Oliver M. Blackburn,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 15, 1967:

The six judges who heard the argument of this appeal being equally divided in opinion, the judgment of sentence of the court below is affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Defendants William Schaeffer, Charles Biehl and John Banker were charged with armed robbery and receiving stolen goods relating to two different robberies. Schaeffer entered pleas of guilty to the indictments and was called as a Commonwealth witness against Biehl and Banker. The jury found both Banker and Biehl guilty. Motions for new trials and arrest of judgment were dismissed. This is an appeal by defendant Banker.

At trial the Commonwealth's witnesses identified only Schaeffer and Biehl. Schaeffer alone testified that Banker had participated in the crime by driving them to and from the stores robbed.

On cross-examination, Schaeffer admitted writing certain statements in jail to the effect he was guilty of each offense charged but that Banker was not connected with them in any way.

On redirect examination Schaeffer stated that the affidavits were untrue. He repudiated them on the ground that they had been given as a result of a series of threats which he had received while in jail. It was with this background that the Commonwealth was permitted to introduce into evidence, over objection, certain threatening notes which were allegedly received by Schaeffer.

None of these notes, which were identified as exhibits 4 through 7, is found in the record or available. Exhibit No. 4, however, was read to the jury. It stated: "The world is too small to run. You will die in or out. They can't hide you in any joint. Wake up. Payoff for a stool pigeon. Bill Schaeffer had a nice voice but there were those who thought he used it too much. No one on the Jersey waterfront was ever very surprised when Joe wound up with two slugs in his head." Schaeffer testified that this note was thrown onto the pillow in his cell, but that he did not know who had done so. All of the other notes apparently contain no direct reference to Banker, and could have applied to any one of several crimes with which Schaeffer was then charged. The jury was permitted to take these notes with them when they left to deliberate.

The Commonwealth admits that there is no evidence to show that appellant was the author of the notes. It can only suggest that it is a "reasonable inference" that these notes were part of a campaign to intimidate Schaeffer.

Appellant argues that the admission of these notes was violative of the general rule that: "Threats by third persons against public officers or witnesses are not relevant unless it is shown that the defendant is linked in some way to the making of the threats. Thus, evidence that a witness received an unsigned letter of a threatening nature should be excluded when there is no evidence to connect the accused with it." Wharton,

Criminal Evidence, §208 (12th ed.). In support of this position, appellant cites *Commonwealth v. Morrison*, 180 Pa. Superior Ct. 121, 118 A. 2d 258 (1955).

The above-stated rule is not wholly applicable in this case, for the statements here admitted into evidence were introduced not to establish guilt, but merely to explain a prior inconsistent statement. Thus, the fact that Schaeffer received threatening notes, and that he believed that they emanated from Banker, could explain why he falsely swore that Banker was not engaged in the robberies.

I do not here consider the appropriateness of the general rule in this regard. I am of the firm opinion, however, that the admission of the notes in this particular case demands the granting of a new trial. I cannot agree with the finding of the lower court that the defendants were neither prejudiced in the eyes of the jury by admission of the exhibits, nor denied a fair and impartial trial by reason thereof. The only thread of evidence connecting Banker with the robberies was the testimony of Schaeffer. Schaeffer had signed statements exonerating Banker. Schaeffer claimed that he did so under duress, pointing to the threatening notes. The court failed to warn the jury that they should consider these notes only for their possible impact on Schaeffer's credibility and not in determining Banker's guilt or innocence. The admission of such evidence, in the absence of such a charge, could only serve to inflame the minds of the jury and prejudice his case by implying that these threats had been made either directly by Banker or by somebody at his behest. I am not convinced that even such a cautionary statement to the jury would sufficiently remove the great prejudice resulting from the admission of these notes. A new trial is certainly warranted, however, when, as here, no such cautionary instruction was given.

I would vacate the judgment of sentence and grant a new trial.