## Commonwealth *v.* Allen, Appellant.

Submitted November 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David O'Hanesian,* for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was charged and convicted of possession and sale of narcotic drugs. The evidence upon which appellant was convicted consisted of the testimony of one witness, the buyer of the narcotic drugs. She testified as to a series of transactions between appellant and her, in which she exchanged various sums of money for quantities of heroin and cocaine. These transactions involved only the two parties. No other parties, agents, witnesses were involved. Appellant neither presented witnesses of his own nor took the stand to testify in his own behalf.

During the district attorney's argument to the jury, the following appears of record:

"[Appellant's counsel] : I would like on the record, your Honor, that my recollection is that the district attorney twice said in his closing that the Commonwealth's case was uncontradicted. . . . I think the . . . statements were a violation of [Griffin] vs. California, in that they were an adverse comment on the taking of the Fifth Amendment . . . ."

The judge cautioned the jury to make no adverse inference from appellant's failure to take the stand.

The question presented to this Court is: When appellant is the only person who could contradict the Commonwealth's case, is the district attorney's comment that his case is uncontradicted a violation of the privilege against self-incrimination?

Appellant has a privilege against self-incrimination, guaranteed by the Constitution of the United States,[1] the Constitution of Pennsylvania,[2] and the Act of May 23, 1887.[3] This privilege has been held to protect the accused against adverse comment by court or counsel if he decides not to testify. See, e.g., *Griffin v. California*, 380 U.S. 609, 85 S. Ct. 1229 (1965); *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820, cert. denied, 348 U.S. 875, 75 S. Ct. 112 (1954).

Our courts have refused, over the years, to consider as an adverse comment a statement by court or counsel that the Commonwealth's case is uncontradicted. See, e.g., *Commonwealth v. Bolish*, 381 Pa. 500, 522, 113 A. 2d 464 (1955); *Commonwealth v. Smith*, 186 Pa. Superior Ct. 89, 97, 140 A. 2d 347 (1958).[4] The courts have not decided whether such a statement, under certain circumstances, could "[draw] attention to or [focus] on the fact that no one except the defendant

---

[1] "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V.

[2] "[The accused] cannot be compelled to give evidence against himself . . . ." Pa. Const. Art. I, §9.

[3] "Except defendants actually upon trial in a criminal court, any competent witness may be compelled to testify in any proceeding, civil or criminal; but he may not be compelled to answer any question which, in the opinion of the trial judge, would tend to criminate him; nor may the neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial." P. L. 158, §10, 19 P.S. §631.

[4] See also *Commonwealth v. Rucker*, 403 Pa. 262, 269-271, 168 A. 2d 732, cert. denied, 368 U.S. 868, 82 S. Ct. 91 (1961); *Commonwealth v. Thomas*, 275 Pa. 137, 141, 118 A. 667 (1922); *Commonwealth v. Chickerella*, 251 Pa. 160, 96 A. 129 (1915); *Commonwealth v. Morrison*, 180 Pa. Superior Ct. 121, 128, 118 A. 2d 258 (1955), cert. denied, 352 U.S. 823, 77 S. Ct. 31 (1956); *Commonwealth v. Rizzo*, 78 Pa. Superior Ct. 163, 165-166 (1922); *Commonwealth v. Martin*, 34 Pa. Superior Ct. 451, 460-462 (1907).

[could] rebut the Commonwealth's case [and thereby fall] within the proscription of the statute [and the Constitution]." *Commonwealth v. Reichard,* 211 Pa. Superior Ct. 55, 58, 233 A. 2d 603 (1967). Since federal law is now applicable to the states, *Malloy v. Hogan,* 378 U.S. 1, 84 S. Ct. 1489 (1964), it is incumbent upon us to reconsider our holdings in light of the decisions of the federal courts.

In contrast to our practice, the federal courts have not automatically denied relief in cases where either court or counsel have stated that the government's case was uncontradicted. The courts have dealt with each case on its own facts, deciding whether in its context the statement represented adverse comment. In so doing, they have been guided, for the most part, by a rule enunciated some thirty-five years ago in *Morrison v. United States,* 6 F. 2d 809, 811 (8th Cir. 1925) : "The test is: Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?" A different rule, adopted by the First Circuit, would label such a statement adverse comment unless "it were clear from the record that there was someone other than himself whom the defendant might call as a witness" to contradict the government's case. *Rodriguez-Sandoval v. United States,* 409 F. 2d 529, 531 (1st Cir. 1969). Regardless of the rule adopted, however, what these cases teach is that each case must be examined on its own to determine whether appellant was harmed by the statement of the court or counsel. See, e.g., *Linden v. United States,* 296 F. 104, 106 (3d Cir. 1924) ; *Carlisle v. United States,* 194 F. 827, 830 (4th Cir. 1912) ; *Shea v. United States,* 251 F. 440, 445 (6th Cir. 1918) ; *United States v. Lyon,* 397 F. 2d 505, 509 (7th Cir.), cert. denied sub nom. *Lysczyk v. United States,* 393 U.S. 846, 89 S. Ct. 131 (1968) ; *Miller v. United States,* 410 F. 2d

1290, 1296 (8th Cir. 1969); *Sterling v. United States,* 333 F. 2d 443, 447-450 (9th Cir.), cert. denied, 379 U.S. 933, 85 S. Ct. 333 (1964); *Knowles v. United States,* 224 F. 2d 168 (10th Cir. 1955).

To fix upon a rule to guide our determination of such cases is not an easy task. On the one hand, we should not restrict "proper advocacy concerning the strength of the prosecution's case." *United States ex rel. Leak v. Follette,* 418 F. 2d 1266, 1268 (2d Cir. 1969) (FRIENDLY, J.). Though what is "proper advocacy" is subject to our determination in cases such as this, the phrase does express a state interest in effective argument to the jury in criminal prosecutions, including the prosecutor's ability to summarize his case and present his fair evaluation of it. On the other hand, we should not penalize an accused for asserting his constitutional privilege, nor should part of the prosecution's evidence consist of the accused's decision to sit back and let the prosecution prove its case.

Neither the *Morrison* nor the *Rodriguez-Sandoval* rule is appropriate, however, to guide our determination in such instances. The *Morrison* rule would require that the "necessary" inference of the district attorney's statement be that the accused's failure to testify is evidence against him. When constitutional error is in question, such a standard is too harsh. The *Rodriguez-Sandoval* rule, in contrast, would conclude constitutional error exists unless it is "clear from the record" that someone else might be referred to by the district attorney's statement. Such a standard shifts to the district attorney the burden of showing his remarks were free from constitutional error. This would be too restrictive of his right to summarize and argue his case.

I would, instead, adopt the rule this Court has used in other adverse comment cases. In *Commonwealth v. Reichard,* supra at 60, we said: "In light of the record,

the prosecutor's statement implied that the defendants themselves were the only ones who could and should have denied the charges against them. The jury *might reasonably have inferred* from this statement that their failure to do so was evidence of their guilt." [Emphasis added.] If the accused can show that the reasonable and natural inference of the district attorney's statement is that the accused's failure to testify should be used against him, then I would find reversible error.

In the instant case, only one witness testified. That witness testified to a series of transactions at which appellant was the only other person present. In such a case a statement that the Commonwealth's case is uncontradicted would reasonably and naturally imply that the appellant's failure to deny the testimony is evidence of his guilt. This is impermissible. See, e.g., *Rodriguez-Sandoval v. United States,* supra; *Linden v. United States,* supra.

I would reverse judgment of sentence and order a new trial.