Commonwealth *v.* Allen, Appellant.

Submitted March 18, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*David O'Hanesian,* and *Forsyth, Fowkes & O'Hanesian,* for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 12, 1971:

Judgment of sentence affirmed. See *Com. v. Camm,* 443 Pa. 253, 277 A. 2d 325 (1971).

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I must dissent.

Appellant Wilbur Allen was convicted of the unlawful sale and possession of narcotics following trial by jury. Post-trial motions were argued and denied, and on June 13, 1969, appellant was sentenced to a

term of imprisonment of from 5 to 10 years. The Superior Court affirmed the judgment of sentence, we granted allocatur, and this appeal followed.

As aptly summarized in Judge HOFFMAN's dissenting opinion in the Superior Court, *Commonwealth v. Allen*, 216 Pa. Superior Ct. 228, 229, 263 A. 2d 775 (1970): "The evidence upon which appellant was convicted consisted of the testimony of one witness, the buyer of the narcotic drugs. She testified as to a series of transactions between appellant and her, in which she exchanged various sums of money for quantities of heroin and cocaine. These transactions involved only the two parties. No other parties, agents, [or] witnesses were involved. Appellant neither presented witnesses of his own nor took the stand to testify in his own behalf."

In the course of the district attorney's closing argument to the jury, appellant's counsel objected as follows: "I would like on the record, your Honor, that my recollection is that the district attorney twice said in his closing argument that the Commonwealth's case was uncontradicted. . . . I think the . . . statements were a violation of Griffeth [sic] vs. California, in that they were an adverse comment on the taking of the Fifth Amendment . . . ." I must agree with appellant's counsel.

Appellant's privilege against self-incrimination is secured by the Fifth Amendment of the United States Constitution, by Article I, Section 9, of the Pennsylvania Constitution, and by the Act of May 23, 1887, P. L. 158, §10, 19 P.S. §631, which provides: ". . . nor may the neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial."

This Court has held on a number of occasions that a statement to the jury that the Commonwealth's case is uncontradicted is not reversible error. See, e.g., *Commonwealth v. Bolish,* 381 Pa. 500, 522, 113 A. 2d 464, 475 (1955). It is equally settled, however, that any comment would violate the Act of 1887 if it "draws attention to or focuses on the fact that no one except the defendant can rebut the Commonwealth's case . . . ." *Commonwealth v. Reichard,* 211 Pa. Superior Ct. 55, 58, 233 A. 2d 603, 604 (1967). Moreover, as the Fifth Amendment is now applicable to the states through the Fourteenth Amendment, *Malloy v. Hogan,* 378 U.S. 1, 84 S. Ct. 1489 (1964), this matter must now be resolved in light of federal standards, and our pre-*Hogan* decisions are no longer necessarily controlling.

The seminal federal decision in this area is, of course, *Griffin v. California,* 380 U.S. 609, 85 S. Ct. 1229 (1965), proscribing adverse comment upon a defendant's failure to testify in his own behalf. Upon the present record, I believe that the prosecutorial comment about the "uncontradicted" nature of the Commonwealth's case runs directly afoul of the *Griffin* prohibition.

The Commonwealth's *sole* witness, a convicted possessor of narcotic drugs who was serving a prison sentence at the time of appellant's trial, was the alleged purchaser of appellant's drug sales. She testified that she purchased cocaine and heroin from appellant on several occasions. It does not appear that anyone else was present at the time of the transactions. Thus, under the Commonwealth's factual theory, appellant was the only person who could have rebutted her testimony. Accordingly, the district attorney's argument to the jury that the Commonwealth's case was uncontradicted was virtually tantamount to a comment concerning appellant's failure to offer himself as a witness at trial.

In these circumstances, such a statement would reasonably and naturally invite the jury to draw an adverse inference from appellant's failure to testify.

The Court's per curiam order of affirmance in this appeal cites our recent decision in *Commonwealth v. Camm*, 443 Pa. 253, 277 A. 2d 325 (1971), which also involved a prosecutor's comment upon an accused's silence at trial. Inasmuch as the comment at issue in *Camm* was held to be "harmless error", one can only suppose that the present majority believes that this case likewise presents an instance of harmless error. I cannot agree.

Even assuming that *Camm* was correctly decided, a view which I do not share,* that case is clearly distinguishable. Writing for a majority of the Court in *Camm*, Justice Pomeroy noted that "The assistant district attorney's statement . . . must be viewed in light of the fact that here the defendant was in fact a witness, even though for a limited purpose. The only ground on which Camm could have been acquitted was not evidence of his innocence, for there was none, but a finding that the confession was involuntary. The facts stated in the confession, while subject to disbelief by the jury, were not put in issue in any way, and there was damaging circumstantial evidence in the form of a witness' testimony which was corroborative of the confession." Id. at 269, 277 A. 2d at 333.

The instant case contains a much different aggregation of incriminating evidence. Appellant had not confessed nor was there any other circumstantial evidence of his guilt. Rather, the Commonwealth's entire case rested upon the word of a convicted felon. Had any of the jurors harbored any doubt as to her credibility,

---

* See *Commonwealth v. Camm*, 443 Pa. 253, 274, 277 A. 2d 325, 336 (1971) (Mr. Justice Eagen and Mr. Justice Roberts, dissenting).

the balance might have very well tipped by virtue of the district attorney's indirect reference to appellant's apparent unwillingness to testify. In these circumstances, I fail to see how we can declare a belief that those unconstitutional references were "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967).

Mr. Justice EAGEN and Mr. Justice O'BRIEN join in this dissent.